the limitation of time is applied by this court and the state courts. Veltman v. Thompson, 3 Comst. [3 N. Y.] 438; 6 Hill, 494.

6. A mortgagee in possession is a competent party to intervene and contest the validity of the libelant's lien.

7. The restriction of the sixty days to the duration of the lien has no relation to this case. The action was brought within thirty days after first credit. But no recovery can be had thereon for any charges which had stood over ten days.

It is agreed between the parties that this order will embrace the sum of $161.29, and it is therefore directed that a decree be entered for that sum with costs.

---

## Case No. 4,420.

The ELOINA.

[10 Ben. 458.] [1]

District Court, E. D. New York. May, 1879.

Butler, Stillman & Hubbard, for libellant.

Coudert Bros., for claimants.

BENEDICT, District Judge. This collision was caused by the neglect of the master of the Eloina to put out a second anchor. The circumstances plainly required that precaution, and were sufficient to notify an intelligent master that such a precaution could not be omitted without danger of drifting and consequent collision with the libellant's vessel then anchored astern. The act of the master, in directing the second anchor to be got ready to let go immediately and he be called at once in case the vessel should begin to drag, shows knowledge of the danger. The master with such knowledge took the risk of the ability of the single anchor to hold his vessel, and having lost, must pay the damage.

No fault on the part of the Atlantic contributing to the disaster is shown, and the libellant is therefore entitled to the decree prayed for.

## Case No. 4,421.

EL REFUGIO CASE.

---

## Case No. 4,422.

ELTING v. CAMPBELL et al.

[5 Blatchf. 183.] [1]

Circuit Court, N. D. New York. Nov. 3, 1863.

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]